IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM M. MILLIGAN,

    Defendant.

Case No. 3:08-CR-30234-NJR-3

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant William Milligan pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 176). Milligan is serving a 360-month sentence in the Bureau of Prisons ("BOP") for conspiracy to produce child pornography, conspiracy to transport minors with intent to engage in criminal sexual activity, and receipt of child pornography (Doc. 111).

Milligan, who is now 39 years old, asks the Court to grant his request for compassionate release due to his PTD, and his belief that the potential side effects of his PTSD and glaucoma medications make him more susceptible to the COVID-19 virus.

### THE FIRST STEP ACT OF 2018

Under the First Step Act of 2018, incarcerated defendants may seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The parties do not dispute that Milligan exhausted his administrative

remedies before filing his motion for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

A number of courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch-all" provision of Subsection D is still limited only to the BOP Director's determination of whether other extraordinary and compelling circumstances exist or whether a court may make that determination. Joining the majority of district courts and the Second Circuit, the Seventh Circuit Court of Appeals recently held that district courts may determine whether other "extraordinary and compelling circumstances" warrant relief. *United States v.*

*Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). "In short, federal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020).

## Discussion

### A.   Plea Agreement Waiver

Before reaching the merits of Milligan's motion, the Court must first determine whether he waived the ability to bring his motion by the terms of his plea agreement. Milligan's plea agreement states:

> Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this Plea Agreement, the **Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28**, or under any other provision of federal law . . . .

(Doc. 112) (emphasis added). The Government argues that this provision and others foreclose Milligan from seeking relief under 18 U.S.C. § 3582.

In support of its argument, the Government cites to *United States v. Soto-Ozuna*, an unpublished case in which the Seventh Circuit found the defendant waived his right to move under § 3582(c)(2) for a sentence reduction based on Amendment 782 to the Sentencing

Guidelines when he agreed not to "seek to modify his sentence . . . in any type of proceeding." *United States v. Soto-Ozuna*, 681 F. App'x 527, 528 (7th Cir. 2017). The Court noted that it will "enforce appellate waivers in plea agreements if the terms of the waiver are express and unambiguous and the defendant knowingly and voluntarily entered into the agreement." *Id.* (citing *United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011)). Because there was no indication the defendant's waiver was not knowing and voluntary, the Court upheld the waiver and affirmed the district court's denial of defendant's motion. *Id.*

As far as the Court can tell, there are three cases that have relied on *Soto-Ozuna* to deny a compassionate release motion filed under the First Step Act based on the waiver provision in a plea agreement. In these cases, the district court for the Southern District of Indiana found defendants waived their ability to file a motion for a sentence reduction when their plea agreement expressly forbid them from bringing such a motion "in any later legal proceeding including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." *United States v. Egebrecht*, No. 217CR00007JRSCMM, 2020 WL 3510775, at *2 (S.D. Ind. June 29, 2020); *United States v. Harris-Harden*, 2020 WL 5653404, at *2 (S.D. Ind. Sept. 22, 2020); *United States v. Barnett*, 2020 WL 5947013, at *2 (S.D. Ind. Oct. 6, 2020). While acknowledging that some courts "have refused to enforce plea waivers where the defendant was sentenced years before the First Step Act was passed on December 21, 2018, thereby making it impossible for the defendant to 'knowingly' waive any claim under the Act," these defendants signed their plea waivers *after* the enactment of the First Step Act. *See Egebrecht*, 2020 WL 3510775 at *2-3 (defendant signed plea waiver in April of 2019); *see also Harris-Harden*, 2020 WL 5653404 at *2-3 (defendant signed plea waiver in April of 2019); *United States*

*v. Barnett*, 2020 WL 5947013, at *2 (S.D. Ind. Oct. 6, 2020) (defendant "signed his plea waiver on December 26, 2018—several days after the First Step Act was enacted"). Additionally, each defendants' plea agreement specifically precluded actions brought under 18 U.S.C. § 3582. *Id.*

Here, Milligan's plea agreement, which does not include an express provision barring the filing of § 3582(c)(2) motions, was made *before* the enactment of the First Step Act. *Soto-Ozuna* is also distinguishable from this case. In *Soto-Ozuna*, the defendant waived his right to seek to "modify" his sentence. Here, Milligan's waived his right to "contest any aspect of the conviction and sentence that could be contested under Title 18 or Title 28." A motion for compassionate release does not "contest" a sentence as it was imposed, but rather argues the enumerated or extraordinary factors now warrant a revisiting and modification of that sentence. *E.g.*, *United States v. Monroe*, 580 F.3d 552, 557–58 (7th Cir. 2009) (noting that § 3582(c) is "fundamentally different" from an appeal or collateral attack as it does not seek to "impugn" district court's sentence). As such, the waiver in Milligan's Sentencing Agreement does not appear to foresee a waiver of a motion under 18 U.S.C. § 3582(c). Because a motion under § 3582(c) does not amount to an appeal or collateral challenge, an exception to such a waiver would be unnecessary, and the failure to list § 3582(c) among the listed exceptions does not indicate waiver. Accordingly, the Court finds that Milligan did not waive his right to bring a motion for compassionate release under 18 U.S.C. § 3582(c).

The Court finds that Milligan could not have knowingly waived his ability to bring a claim under the First Step Act, as that avenue to relief did not yet exist. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) ("Waiver is the relinquishment of a known right. The First Step Act amended Section 3582 and was passed after his sentence, so he could not have waived the rights it contains."); *United States v. Ellerby*, 2020 WL 2395619, at *2 (D.

Md. May 12, 2020) (because defendant pleaded guilty in 2016, and "mindful that a waiver agreement 'should be interpreted narrowly against the government,' " defendant did not waive his right to bring a motion under the First Step Act); *United States v. Burrill*, 2020 WL 1846788, at *2 (N.D. Cal. Apr. 10, 2020) (defendant's December 2017 plea agreement could not encompass the relief he sought under the First Step Act, "as he could not have knowingly waived rights that were not in existence, or even contemplated, at the time of his plea.").

As noted by the Northern District of California, "Congress did not intend for federal prosecutors to have the final say on a defendant's request for compassionate release." *United States v. Sembrano*, 2020 WL 3161003, at *3 (N.D. Cal. May 28, 2020). Rather, "when it passed the First Step Act, Congress made courts rather than executive agencies the final arbiters of compassionate release motions." *Id.* While prosecutors participate in the process of evaluating those motions, they are not the final decisionmakers. *Id.* "It is unacceptable for the United States Attorneys' Office to use its favorable position at the plea bargaining table to abrogate a role Congress designated for the courts." *Id.*

For these reasons, the Court finds that Milligan's plea agreement was not a knowing and voluntary waiver of his right to seek a sentence reduction under the compassionate release provision of the First Step Act. Thus, he is not foreclosed from bringing his motion in this Court.

### B. Consideration of Milligan's Motion

For a medical condition to constitute an extraordinary and compelling reason, the defendant must be suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. 1B1.13(a)(2).

There is no evidence of those circumstances here.

Even if there were, the § 3553(a) sentencing factors and the required finding that the defendant is not a danger to the safety of another person or the community demand that this Court deny Milligan's motion. Milligan was involved in the victimization of two minor children. Milligan used his relationship with their mothers to gain access. Releasing Milligan now, more than 13 years prior to his projected release date,[1] would fail to provide just punishment for offense, promote respect for the law, or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

For these reasons, the Motion for Compassionate Release filed by Defendant William Milligan (Doc. 176) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 18, 2020

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Milligan is projected to be released on May 20, 2034. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 17, 2020).